HELLER ET AL. *v.* ADELMAN.

(Decided October 17, 1934.)

*Mr. Frank T. Bow,* for plaintiffs in error.
*Mr. James H. Emsley,* for defendant in error.

SHERICK, P. J. This cause comes to this court on error, whereby the defendants below, Ralph Heller et al., request a reversal of a judgment entered against them. A verbal motion is interposed in this court, which must be first considered.

The place of origin of this action was in the Municipal Court of the city of Canton, wherein judgment was entered against plaintiffs in error. From this judgment plaintiffs in error appealed to the Court of Com-

mon Pleas. In the court of first review, as is shown by the transcript of that court, a motion was filed to dismiss the appeal for reasons which we are now orally advised to be two in number: First, that the appeal bond was not filed within ten days from the rendition of the judgment; second, that the bond was not in an amount double the judgment and costs. No attempt is made to correct this omission by the substitution of a copy of this motion, which is said to be lost.

The oral motion made in this court is based upon the claim that this court has no jurisdiction of this proceeding in error because of the fact that the Court of Common Pleas was without jurisdiction to entertain the appeal, and the reasons here assigned are the two noted, as urged in the Court of Common Pleas, and the additional claim that the transcript of the Municipal Court was not filed in the Court of Common Pleas until after the thirty-day period prescribed by statute. It should be noted that the Court of Common Pleas overruled the motion as therein made.

The first and third reasons assigned for the sustaining of the motion in this court are not well taken. The transcript of the Municipal Court shows that on October 18, 1933, the court determined the issues in favor of the plaintiff below. On the same day the plaintiffs in error moved for a new trial. This the court disposed of on October 30, 1933, and at the same time a journal entry was filed, granting judgment to plaintiff as against the defendants in the sum of $220.89 and costs, with interest from October 9, 1933. On November 9, 1933, plaintiffs in error filed an appeal bond in the sum of $442, and of which the court approved.

The defendant in error makes the claim that the procedure in the Municipal Court is, in cases under $300, like unto actions had in a justice of the peace court, and that hence October 18 is the true date of the judg-

ment and the appeal was not made in time. This might perhaps be true were it not for Section 1579-666, General Code, which provides that the Municipal Court of Canton is a court of record. It is beyond question that courts of record speak only from their journals, and not from the court's minutes. This being true, the bond and transcript were filed within the ten and thirty day periods.

The second reason is also not now well taken. The Court of Common Pleas considered the motion attacking its jurisdiction, and concluded that it was not well taken. We must advise counsel that this court is concluded by the record before us. It is nowhere therein disclosed, other than by present statement of counsel, that this ground was urged in the Court of Common Pleas. We must indulge the presumption that the Court of Common Pleas, in the absence of a record disclosing the contrary, did not err in the respect claimed. It is urged that the plaintiffs in error in the Court of Common Pleas should have moved for an order to amend their bond. This they would have had a perfect right to do under Section 10395, General Code. But the question comes: Why should they? The record is silent other than in the respect that the Common Pleas Court found the motion to be not well taken. Had the plaintiffs in error moved to amend their appeal bond, and the defendant in error moved to make the record before us speak the truth in the Court of Common Pleas, both motions should and no doubt would have been sustained. And were this court called upon by the parties for like relief, this court in the interests of substantial justice would be inclined to remand the cause for diminution of the record in both cases, in so far as possible.

The petition in this action pleads for judgment on a dishonored check, which was made payable to the plaintiff below and signed by "Canton Barrel Com-

pany, Ralph Heller.'' It recites that the maker is a partnership composed of Ralph, Paul and Sam Heller. To this pleading the plaintiffs in error made answer and denied that the issuing partner acted within the scope of his partnership authority, that its issuance did not pertain to the defendant's business or to any transaction in which it was interested, and that plaintiff had paid no consideration therefor. The reply denies the answer's averments and pleads that the issuing partner's act was within the scope of his authority. The cause was submitted to the Common Pleas Court on appeal, which found the issues in favor of the plaintiff below. That court in its opinion, which in this case is equivalent to a finding of fact, found the true facts to be that one Hyman Kaplan was indebted to the defendant in error in the sum of the check, plus protest fees; that Hyman Kaplan was without funds, and that his brother, Abe Kaplan, was desirous of paying his brother's debt, and to that end induced Paul Heller to issue and deliver the check to Adelman, which he cashed. Paul Heller, one of the plaintiffs in error, did this upon the request and promise of Abe Kaplan to reimburse them. This check was issued upon a bank out of the state, and before it could pass through clearance Abe Kaplan confessed his inability to pay and advised that payment be stopped, which was done. About three years thereafter, this suit was commenced. The court found that there was a consideration to support the issuance and delivery of the check, and judgment was entered against the partnership.

The principal error relied upon is in that the judgment of the Court of Common Pleas is contrary to the facts found and is contrary to law. That court concluded that the evidence of Paul Heller was ''the absolute truth,'' yet the court did proceed in the face of this conclusion of fact to render judgment against the

partnership because of the fact that there was a consideration moving to the partnership. It was determined therefore that the rule of *Lawrence* v. *Fox,* 20 N. Y., 268, applied. If Paul Heller had been the sole defendant in this case, and the check issued had been his individual check, the judgment might perhaps be maintainable. But this court is cognizant of the fact that the court found Paul Heller's testimony to be the truth of the matter, without any reservation.

Examination of Paul Heller's testimony plainly shows that he was unauthorized by the other two members of the partnership to issue this check; that they did not thereafter approve thereof; that the transaction in no way pertained to the partnership business; that it derived no profit therefrom, and that the check was fully understood to have been issued by Paul Heller to accommodate Abe Kaplan, who was bound in no way to pay his brother's debt to the defendant in error. It is further testified to by Paul Heller that his firm never engaged in like transactions of which the other partners were wont to approve.

It is well settled that the true test of partnership is agency, either express or implied, when the act done is within the scope of the partnership business; and if the act be unauthorized and without the scope of the firm's business the partnership is not liable unless it accepts the benefits that flowed therefrom, .or approved of the unauthorized act. When the defendant in error received this check he was bound to know that the instrument issued was purely accommodation paper, issued at the request of one who was not a debtor and under no obligation to pay the claim of the defendant in error due from Hyman Kaplan. He also knew that this paper was partnership paper, issued by a partner as an accommodation and not in furtherance of the partnership business or its interests.

The case of *Union National Bank of Detroit* v. *Wickham, Jr.,* 18 C. C., 685, 6 C. D., 790, is directly in point. It is therein held:

"One partner in an ordinary commercial partnership can not bind his co-partners by a mere accommodation note made in the name of the firm for the benefit of another person, so as to enable the holder, with knowledge that the note was a mere accommodation note for such other person and not given for partnership purposes in the regular course of the business of the firm, to recover upon it in a suit against the firm, without proof showing a subsequent assent, of a prior authority; and the burden of proof of such assent or authority is on the holder of the note."

This is not a case of a partner's right to borrow on the firm's credit, or an attempt by an innocent holder for value to enforce payment, but is clearly one of those cases in which an unauthorized partner attempted to pledge the firm's name outside the firm business as an accommodation for the benefit of a third person. See 20 Ruling Case Law, 903, Section 114. If this practice were countenanced where the same was unauthorized, one partner might jeopardize the investment of his co-partners, and partnerships as business enterprises cease to exist.

The defendant in error recognizes a "sharp divergence" of the testimony in the case and remarks that "it is a matter wholly of credibility." The determination of the trial court in that respect is surrounded by the same sanctity as is a jury's verdict. But it is further stated that a finding of fact was not requested by either party, and in such case is "not binding on this defendant in error if the right decision was reached." This court's answer to that claim is as herein indicated in that the right decision was not reached.

The judgment is reversed and final judgment is entered in favor of the plaintiffs in error.

*Judgment reversed and judgment for plaintiffs in error.*

LEMERT and MONTGOMERY, JJ., concur.